# EXHIBIT A

**41D04-1903-PL-000032**

Johnson Superior Court 4

Filed: 3/9/2019 1:35 PM
Clerk
Johnson County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE JOHNSON SUPERIOR COURT |
| | ) ss: | ROOM |
| COUNTY OF JOHNSON | ) | CAUSE NO. |

|  |  |
|---|---|
| NIKOLE GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ASPEN DENTAL MANAGEMENT, | ) |
| INC., d/b/a ASPEN DENTAL, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I. INTRODUCTION

Plaintiff Nikole Green sues her former employer, Aspen Dental Management, Inc., for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. § 206, and for unpaid wages under the Indiana Wage Payment Act ("IWPA"), Ind. Code 22-2-5-1, *et seq.*

### II. PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Nikole Green ("Green") is a resident of Indianapolis, in Marion County, Indiana, and all times relevant to this Complaint, was employed by the Defendant and worked in the Defendant's offices in Johnson County, in Indiana.

2.     At all times relevant to this action, Green has been an employee of ADMI, as that term is defined in the FLSA, and in the IWPA.

3.     At all times relevant, Green was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4.     Defendant Aspen Dental Management, Inc. ("ADMI"), is a foreign, for-profit corporation, headquartered in East Syracuse, New York, and at all times relevant to this Complaint,

conducted business at its offices in Johnson County, in Indiana.

5.     At all times relevant to this action, ADMI has been an employer, as that term is defined in the FLSA, and the IWPA.

6.     Additionally, at all times relevant to this action, ADMI has been an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of section 3(s)(1) of the FLSA, because ADMI has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person.

7.     ADMI has had and has a gross volume of sales made or business done of not less than $500,000.00.

8.     The Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b).

9.     All of the events and circumstances giving rise to this action occurred within the geographical boundaries of Johnson County, Indiana, and therefore venue is proper in this court.

### III. FACTUAL ALLEGATIONS

10.     Green was employed by ADMI as an office manager, primarily in ADMI's Johnson County, Indiana office from February 2011 until August 2017.

11.     ADMI issued Green's paychecks, directed Green's work, and benefitted from work performed that it suffered or permitted Green to perform.

12.     ADMI had a policy, pattern or practice requiring Green regularly to work in excess of 40 hours per workweek without being paid overtime wages.

13.     Green's primary duties included, but were not limited to:

　　　　a. customer service;

　　　　b. operations duties;

-2-

         c. selling services and financing plans;

         d.  answering phones; and

         e. clerical and data entry duties.

14.     Green's duties did not include:

         a. hiring;

         b. firing;

         c. setting rates of pay;

         d. scheduling; or

         e. disciplining other employees.

15.     Green's duties did not differ substantially from the duties of non-exempt hourly paid employees.

16.     Green did not exercise a meaningful degree of independent discretion with respect to the exercise of her duties.

17.     Green's primary duties were customer service and sales related.  Customer service and sales occupied the majority of Green's working hours.

18.     ADMI had a centralized, company-wide policy, pattern, and practice, that classified Green, and all other office managers, as exempt from coverage of the overtime provisions of the FLSA and applicable state laws.

19.     At the time of her voluntary separation from ADMI, in August 2017, was paid a weekly salary of $796.23.

20.     Based on a 40-hour week, Green's hourly pay rate was $19.90.

21.     Green was not paid overtime when she worked more than 40 hours per week.

22.     Had Green been paid overtime, she should have been paid an overtime rate of $29.86

per hour.

23.     Green worked an average of 10 hours of overtime per week throughout her employment by ADMI.

24.     Green is owed unpaid overtime in the amount of $298.60 for every covered week she worked for ADMI.

## IV.  LEGAL ALLEGATIONS

### Count One: Violation of the Fair Labor Standards Act

25.     Green incorporates the allegations in paragraphs one (1) though twenty-four (24) as though they were fully incorporated here.

26.     No employer shall employ any non-exempt employee who is employed in an enterprise engaged in commerce, for a workweek longer than forty hours unless such employee is paid not less than one and one-half times the regular rate at which he is employed.  29 U.S.C.A. § 207.

27.     During her employment by ADMI, Green worked a total of 10 hours per week in excess of 40 hours per week.

28.     Green was not provided any compensation for those hours beyond her regular salary.

29.     ADMI's failure to pay the required overtime constitutes a violation of the FLSA, and ADMI is liable to Green for unpaid overtime in the amount of $298.60 for every covered week.

30.     ADMI is also liable to Green for liquidated damages in the amount of $298.60 for every covered week.

31.     ADMI's violations of the FLSA were intentional, willful, and or taken with reckless disregard for Green's rights, and therefore ADMI acted in bad faith.

32.     Because ADMI's violation of the FLSA were willful, a three-year statute of

-4-

limitations applies, pursuant to 29 U.S.C. § 255.

33.    Green is covered for all weeks within three years of the date of this filing.

34.    The period from March 11, 2016, through August 31, 2017, the date of Green's separation from ADMI's employment, is 76 weeks.

35.    ADMI is liable to Green for unpaid overtime and liquidated damages in the amount of $45,387.20.

### Count Two: Violation of the IWPA

36.    Green incorporates the allegations in paragraphs one (1) though thirty-five (35) as though they were fully incorporated here.

37.    An employer shall pay every employee at least biweekly, and pay all wages earned to a date not more than ten (10) business days prior to the date of payment.  Ind. Code 22-2-5-1.

38.    By failing to pay overtime at the time it was earned, ADMI failed to pay Green "all wages earned" in violation of the IWPA.

39.    Green can seek wages going back two years prior to the date of filing under the IWPA.

40.    The period from March 11, 2017, through August 31, 2017, the date of Green's separation from ADMI, is 24 weeks.

41.    Green is owed $298.60 for each week from March 11, 2017, through August 31, 2017.

42.    If an employer, not acting in good faith, violates the IWPA, the court *shall order*, as liquidated damages, payment of an amount equal to two (2) times the amount of wages due the employee.  Ind. Code 22-2-5-2.

43.    ADMI's failure to pay was intentional, willful, and/or was done with reckless

disregard to Green's rights, and therefore, ADMI acted in bad faith.

44.     Green is owed $21,499.20 in unpaid overtime and liquidated damages.

45.     After offsetting the overtime and liquidated damages due as a result of ADMI's violation of the FLSA, ADMI still owes Green additional liquidated damages in the amount of $7,166.40, for its bad faith violation of the IWPA.

## V.  RELIEF REQUESTED

WHEREFORE, Plaintiff Nikole Green, by counsel, respectfully requests the Court to enter judgment in her favor on all claims, and to order the following relief:

46.     Order ADMI to pay Green the sum of $22,693.60 in unpaid overtime;

47.     Order ADMI to pay Green the additional sum of $22,693.60 in liquidated damages pursuant to the FLSA;

48.     Order ADMI to pay Green the additional sum of $7,166.40 in liquidated damages pursuant to the IWPA;

49.     Order ADMI to pay Green pre- and post-judgment interest on all sums awarded;

50.     Order ADMI to pay Green's reasonable attorney fees and costs of litigation; and

51.     Provide Green with any and all other just and proper relief.

Respectfully submitted,

_s/  Jay Meisenhelder_
Jay Meisenhelder, Atty. No. 19996-49
JAY MEISENHELDER EMPLOYMENT
& CIVIL RIGHTS LEGAL SERVICES, P.C.
650 North Girls School Road, Suite B20
Indianapolis, IN  46214
Office Telephone:      317/231-5193
Direct Telephone:      317/899-9920
Facsimile Number:     317/982-5463
Email Address:         jaym@ecrls.com

Filed: 3/11/2019 10:04 AM
Clerk
Johnson County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE JOHNSON SUPERIOR COURT |
| | ) ss: | ROOM FOUR |
| COUNTY OF JOHNSON | ) | CAUSE NO.  41D04-1903-PL-000032 |

| | |
|---|---|
| NIKOLE GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ASPEN DENTAL MANAGEMENT, | ) |
| INC., d/b/a ASPEN DENTAL, | ) |
| | ) |
| Defendant. | ) |


## APPEARANCE BY ATTORNEY IN CIVIL CASE

1.    The party on whose behalf this form is being filed is: Initiating/Plaintiff.

2.    The undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:  **Plaintiff Nikole Green**

3.    Attorney Information:

> Jay Meisenhelder, Atty. No. 19996-49
> JAY MEISENHELDER EMPLOYMENT
> & CIVIL RIGHTS LEGAL SERVICES, P.C.
> 650 North Girls School Road, Suite B20
> Indianapolis, IN   46214
> Office Telephone:    317/231-5193
> Direct Telephone:    317/899-9220
> Facsimile Number:    317/982-5463
> Email Address:       jaym@ecrls.com

4.    This is a _____PL_____ case type as defined in administrative Rule 8(B)(3).

5.    I will accept service from other parties by:  Email at the above noted address

>   _Jay Meisenhelder_
> Attorney-at-Law
> (Attorney Information Above)

Filed: 3/14/2019 2:22 PM
Clerk
Johnson County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE JOHNSON SUPERIOR COURT |
| | ) ss: | ROOM FOUR |
| COUNTY OF JOHNSON | ) | CAUSE NO. 41D04-1903-PL-000032 |

NIKOLE GREEN,                                     )
                                                 )
              Plaintiff,                         )
                                                 )
       v.                                        )
                                                 )
ASPEN DENTAL MANAGEMENT, INC.,                   )
d/b/a ASPEN DENTAL,                              )
                                                 )
              Defendant.                         )

## SUMMONS

**TO DEFENDANT:**      Aspen Dental Management, Inc.
                       c/o CORPORATION SERVICE COMPANY
                       135 North Pennsylvania Street, Suite 1610
                       Indianapolis, IN, 46204

     You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

     The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

     An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

     If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

     If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (317/269-2222) or the Putnam County Bar Association.

Dated __3/14/2019__   _____   _Fiona McLaughlin_ (Seal)
                        Clerk, Court

**(The following manner of service of summons is hereby designated.)**

_____X_____   Registered or certified mail.
_____   Service at place of employment, to-wit: _____
_____   **Service on individual - (personal) at above address.**
_____   Service on agent. (Specify) _____
_____   Other Service. (Specify) _____

Attorney for Plaintiff:   Jay Meisenhelder (19996-49)
                          JAY MEISENHELDER EMPLOYMENT
                          & CIVIL RIGHTS LEGAL SERVICES, P.C.
                          650 North Girls School Road, Suite B20
                          Indianapolis, IN 46214
                          Office Telephone:      317/231-5193
                          Direct Telephone:      317/899-9220
                          Facsimile Number:      317/982-5463
                          Email Address:         jaym@ecrls.com

JOHNSON COUNTY COURTS
SEAL
INDIANA

### *SHERIFF'S RETURN ON SERVICE OF SUMMONS*

I hereby certify that I have served this summons on the _____ day _____, 2019:

(1)  By delivering a copy of the Summons and a copy of the complaint to:
_____

(2)  By leaving a copy of the Summons and a copy of the complaint at: _____
_____, which is
the usual address of _____, and by mailing a copy of the Summons to:
_____at the
above address.

(3)  Other Service or Remarks:_____
_____

_____ Sheriff of _____ County
Sheriff's Costs
           By:_____
                      Deputy

### *CLERK'S CERTIFICATE OF MAILING*

I hereby certify that on the _____ day of _____, 2019, I mailed a copy of this summons and
a copy of the complaint to the registered agent for defendant,_____, by Certified
Mail, Return Receipt Requested, at the address furnished by the plaintiff.

Dated:_____                         _____
                                             County Clerk
By:_____
         Deputy

### *RETURN ON SERVICE OF SUMMONS BY MAIL*

     I hereby certify that the attached return receipt was received by me showing that:

_____(1)  The Summons and a copy of the complaint mailed to the registered agent for defendant,
_____, was accepted by the registered agent for defendant on _____.

_____(2)  The attached return receipt was received by me showing that the Summons and a copy of the
complaint  mailed to the registered agent for defendant, _____, was accepted
by_____ on behalf of said registered agent for defendant on _____.

_____(3)  The attached return receipt was received by me showing that the Summons and a copy of the complaint
was return not accepted on _____.

_____
           County Clerk

By:_____
         Deputy

Filed: 3/25/2019 4:54 PM
Clerk
Johnson County, Indiana

| | | |
|---|---|---|
| **STATE OF INDIANA** | ) | **IN THE JOHNSON SUPERIOR COURT ROOM 4** |
| | ) SS: | |
| **COUNTY OF JOHNSON** | ) | **CAUSE NO. 41D04-1903-PL-000032** |

| | |
|---|---|
| **NIKOLE GREEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ASPEN DENTAL MANAGEMENT,** | ) |
| **Inc., d/b/a ASPEN DENTAL,** | ) |
| | ) |
| **Defendant.** | ) |

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:
   Initiating _____ Responding __X__ Intervening _____; and

   the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

   Name of party   Aspen Dental Management, Inc., d/b/a Aspen Dental

   Address of party *(see Question # 6 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*

   _____

   _____

   Telephone # of party _____

   FAX: _____

   Email Address:_____

*(List on a continuation page additional parties this attorney represents in this case.)*

2. Attorney information for service as required by Trial Rule 5(B)(2)

   | Name: | Alan L. McLaughlin | Atty Number: | 10182-49 |
   |---|---|---|---|
   | | Bianca V. Black | Atty Number: | 33701-53 |

Address: _____ LITTLER MENDELSON, P.C. _____

_____ 111 Monument Circle, Suite 702, Indianapolis, IN 46204 _____

Phone: _____ (317) 287.3600 _____

FAX: _____ (317) 63630712 _____

Email Address: _____ amclaughlin@littler.com; bblack@littler.com _____

*(List on continuation page additional attorneys appearing for above party)*

3. This is a _____ case type as defined in administrative Rule 8(B)(3).

4. I will accept service from other parties by:

   FAX at the above noted number: Yes _____ No __X__

   Email at the above noted number: Yes __X__ No _____

5. This case involves child support issues. Yes _____ No __X__ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

6. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes _____ No __X__ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

   _____ Attorney's address

   _____ The Attorney General Confidentiality program address

   (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov**).

   _____ Another address (provide)

   _____

7. This case involves a petition for involuntary commitment. Yes _____ No __X__

8. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

   a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

   b. State of Residence of person subject to petition: _____

   c.  At least one of the following pieces of identifying information:

      (i)   Date of Birth _____

      (ii)  Driver's License Number _____

           State where issued _____ Expiration date _____

      (iii) State ID number _____

           State where issued _____ Expiration date _____

      (iv) FBI number _____

      (v)  Indiana Department of Corrections Number _____

      (vi) Social Security Number is available and is being provided in an attached confidential document Yes _____ No _____

9.  There are related cases: Yes _____ No __X__ *(If yes, list on continuation page.)*

10. Additional information required by local rule:

_____

11. There are other party members: Yes _____ No_X__ *(If yes, list on continuation page.)*

12. This form has been served on all other parties and Certificate of Service is attached:
    Yes_X__ No____

                            Respectfully submitted,

                            */ s / Alan L. McLaughlin*
                            Alan L. McLaughlin (#10182-49)

                            */ s / Bianca V. Black*
                            Bianca V. Black (#33701-53)

LITTLER MENDELSON, P.C.       *ATTORNEY FOR DEFENDANT*
111 Monument Circle, Suite 702   *ASPEN DENTAL MANAGEMENT, INC., d/b/a*
Indianapolis, IN  46204         *ASPEN DENTAL*
Telephone: 317.287.3600
Facsimile: 317.636.0712
bblack@littler.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing *Appearance by Attorney in Civil Case* was

served via the Court's electronic filing system, this 25th day of March 2019:

> Jay Meisenhelder
> JAY MEISENHELDER EMPLOYMENT
> & CIVIL RIGHTS LEGAL SERVICES, P.C.
> 650 North Girls School Road, Suite B20
> Indianapolis, IN 46214
> Email Address: jaym@ecrls.com

> */ s / Bianca V. Black*
> Bianca V. Black

FIRMWIDE:163286267.1 058441.1158

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Nikole Green v. Aspen Dental Management, Inc.

| | |
|---|---|
| Case Number | 41D04-1903-PL-000032 |
| Court | Johnson Superior Court 4 |
| Type | PL - Civil Plenary |
| Filed | 03/09/2019 |
| Status | 03/09/2019 , Pending (active) |

## Parties to the Case

Defendant    Aspen Dental Management, Inc.

<u>Attorney</u>
Alan L McLaughlin
*#1018249, Lead, Retained*

111 Monument CIR
STE 702
Indianapolis, IN 46204
317-287-3600(W)

<u>Attorney</u>
Bianca V. Black
*#3370153, Retained*

211 N. Pennsylvania St.
Indianapolis, IN 46204
(219) 781-3714(W)

Plaintiff     Green, Nikole

<u>Attorney</u>
Jay Meisenhelder
*#1999649, Retained*

650 North Gilrs School Rd.
Suite D 40
Indianapolis, IN 46214
317-231-5193(W)

## Chronological Case Summary

03/09/2019  **Case Opened as a New Filing**

03/11/2019     **Complaint/Equivalent Pleading Filed**
Complaint

| | |
|---|---|
| Filed By: | Green, Nikole |
| File Stamp: | 03/09/2019 |

| 03/11/2019 | **Appearance Filed** | |
| | Appearance-Filed-JM | |
| | For Party: | Green, Nikole |
| | File Stamp: | 03/11/2019 |

| 03/14/2019 | **Subpoena/Summons Filed** | |
| | Summons | |
| | Filed By: | Green, Nikole |
| | File Stamp: | 03/14/2019 |

| 03/26/2019 | **Appearance Filed** | |
| | Appearance by Attorney in Civil Case - Alan L. McLaughlin; Bianca V. Black | |
| | For Party: | Aspen Dental Management, Inc. |
| | File Stamp: | 03/25/2019 |

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

### Green, Nikole

Plaintiff

### Balance Due (as of 03/27/2019)

0.00

### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 03/11/2019 | Transaction Assessment | 157.00 |
| 03/11/2019 | Electronic Payment | (157.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.